IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 1:94-cr-01009-MP-AK

JOHN RICHARD KNOCK,

     Defendant.

_____/

# **O R D E R**

This matter is before the Court on Doc. 1047, Report and Recommendation of the

Magistrate Judge, which recommends that Defendant's Motion to Vacate, Doc. 962, be denied,

that Defendant's supplement to grounds stated in § 2255 motion, Doc. 961, also be denied, and

that the motion for permission to join grounds for relief raised by co-defendant, Doc. 988, be

granted.  The Magistrate Judge filed the Report and Recommendation on Friday, February 22,

2008.  The parties have been furnished a copy of the Report and have been afforded an

opportunity to file objections.  Pursuant to Title 28, United States Code, Section 636(b)(1), this

Court must make a *de novo* review of those portions to which an objection has been made.

Defendant has filed general objections to each of the Magistrate's recommendations.  Doc. 1054.

In his motion to vacate, Defendant raises nine claims, and he seeks to join two claims

presented in co-Defendant Madrid's § 2255 motion.  First, Defendant states that trial and

appellate counsel were ineffective in allowing co-Defendant Madrid's plea agreement to be

admitted into evidence.  The Magistrate finds that any error by counsel was harmless, and that

Defendant suffered no prejudice from any alleged ineffective assistance.  As the Magistrate

points out, trial counsel strenuously objected to the introduction of the redacted indictment, and

there is no likelihood that the ground raised by the Defendant would have changed the outcome

of the Court's ruling.  Furthermore, the Eleventh Circuit found no error in the admission of the plea agreement as to Defendant Madrid, and would have found that any error by the Court was harmless in light of the overwhelming evidence of guilt.  Therefore, the Court agrees with the Magistrate that these grounds are without merit.

Next, Defendant argues that the Court erred in instructing the jury as to the applicable statute of limitations, and that trial and appellate counsel were ineffective in failing to object to the instruction, or to raise the issue on appeal.  This claim alleges that the superseding indictment was brought after the expiration of the statute of limitations, and that the superseding indictment substantially amended the charges in the original indictment.  The Magistrate states that amended indicted added Defendant Madrid as a defendant, but did not change the underlying facts, drug types or quantities, or the overt acts, and did not broaden or substantially amend the charges.  Because the jury was instructed on the correct starting date for the statute of limitations, trial counsel cannot be deemed ineffective for failing to object to the instruction, and appellate counsel was not ineffective in failing to raise the issue on appeal.

Defendant also argues that the money laundering statute charged in the indictment, 18 U.S.C. § 1956(h), did not take effect until nearly ten years after the beginning point of the conspiracy, and that he was convicted in violation of the Ex Post Facto Clause.  Because every overt act is alleged to have occurred after the effective date of the money laundering statute, the Magistrate finds that Defendant's spill-over argument is without merit.  The Court agrees with the Magistrate, since the jury had to find beyond a reasonable doubt that the commission of the overt acts occurred in 1993 or later.  Accordingly, Defendant is not entitled to resentencing, and trial and appellate counsel were not ineffective on this ground.

In his next claim, Defendant alleges that trial counsel operated under a conflict of interest, and therefore the representation was *per se* unreasonable.  At the time of the trial, counsel was being investigated for criminal involvement in Defendant's drug and money laundering activities.  The Government attempted to disqualify counsel on this ground, and Defendant was made fully aware of this information.  Having explicitly waived this conflict, Defendant cannot now raise it as a ground for relief.  As the Magistrate notes, the Eleventh Circuit found no prejudice to Defendant by counsel's "criminal conflict of interest," and Defendant merely seeks relief for an alleged error which he invited.

Finally, the Magistrate rejects Defendant's claims under United States v. Booker, 543 U.S. 220, 244 (2005), since Booker is not retroactively applicable to cases on collateral review, and no error existed in the admission of Appendix A.  The Court agrees with the Magistrate. Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2.   Defendant's Motion to Vacate, Doc. 962, is DENIED.

3.   Defendant's Supplement to Grounds Stated in Motion to Vacate, Doc. 961, is DENIED.

4.   Defendant's Motion for Permission to Join in Grounds Raised by Codefendant Madrid , Doc. 988, is GRANTED.

**DONE AND ORDERED** this   *24th* day of March, 2008

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge