IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.	CASE NO. 1:94-cr-01009-MP-AK

JOHN RICHARD KNOCK,

    Defendant.

_____/

**O R D E R**

    This matter is before the Court on Doc. 1096, Motion for Certificate of Appealability, filed by Defendant John Knock. The Court therefore has two issues before it: whether Defendant should be granted a Certificate of Appealability ("COA"), and if so, which issues should be certified for appeal. Having considered the facts of this case and the applicable law, the Court finds that Defendant's request should be DENIED.

    The COA requirement is a result of amendments made to 28 U.S.C. § 2253 by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. All appeals of habeas petitions which are filed after April 24, 1996, the effective date of the AEDPA, require that a habeas petitioner first receive a COA before a circuit court can hear the petitioner's appeal. See Hunter v. United States, 101 F.3d 1565, 1573 (11th Cir. 1996) (en banc), cert. denied, 117 S.Ct. 1695, 137 L.Ed.2d 822 (1997). Pursuant to the statute, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added). Section 2253(c)(3) requires the district court to indicate which specific issues, if any, a habeas petitioner is entitled to raise.

    In order to make the requisite "substantial showing of the denial of a constitutional right"

under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" Lozada v. Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991) (emphasis and brackets in original) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4, 103 S.Ct. 3383, 3394, n.4, 77 L.Ed.2d 1090 (1983)). If a petitioner fails to make such a showing, his or her request for a COA must be denied. See, e.g., United States v. Riddick, 104 F.3d 1239, 1241 (10th Cir. 1997).

In this case, Defendant Knock alleged in his Motion to Vacate that trial and appellate counsel were ineffective on numerous grounds, that the jury instructions as to the applicable statute of limitations were incorrect, and that he was convicted in violation of the Ex Post Facto Clause.  On appeal, the Eleventh Circuit found that Defendant suffered no prejudice as a result of several of the claims of ineffective assistance.  Furthermore, since the jury was properly instructed as to the beginning of the conspiracy and the statute of limitations, Defendant cannot make a showing of prejudice on these grounds either.  Based on this, the Court finds that no reasonable jurist would debate the fact that Defendant's motion to vacate was properly dismissed.

Therefore, because Defendant cannot make a substantial showing of the violation of a constitutional right, the Application for Certificate of Appealability is denied.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant Knock's Application for a Certificate of Appealability, Doc. 1096, is DENIED.

2. The Clerk is directed to forward a copy of this order and an updated docket sheet to the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** this   *4th* day of June, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge